1  VALERIE L. CHANG (SBN 295147)
2  Email:  vchang@sfmslaw.com
   **SHEPHERD, FINKELMAN, MILLER & SHAH, LLP**
3  11755 Wilshire Blvd., 15th Floor
4  Los Angeles, CA 90025
   Tel:  (323) 510-4060
5  Fax: (866) 300-7367

6  *Attorneys for Plaintiff Suprabha Bhat*

7
8  [Additional Counsel Appear on Signature Page]

9            UNITED STATES DISTRICT COURT
10          CENTRAL DISTRICT OF CALIFORNIA
11

| | |
|---|---|
| SUPRABHA BHAT, Individually and on Behalf of All Others Similarly Situated,<br><br>                 Plaintiff,<br><br>          v.<br><br>THIRD AVENUE MANAGEMENT LLC, THIRD AVENUE TRUST, M.J. WHITMAN LLC, MARTIN J. WHITMAN, DAVID M. BARSE, JACK W. ABER, WILLIAM E. CHAPMAN II, LUCINDA FRANKS, EDWARD J. KAIER, MARVIN MOSER, ERIC RAKOWSKI, MARTIN SHUBIK, CHARLES C. WALDEN, VINCENT J. DUGAN, W. JAMES HALL III, MICHAEL BUONO, THOMAS LAPOINTE, NATHANIEL KIRK, EDWIN TAI, and JOSEPH KALEWSKI,<br><br>                 Defendants. | Case No.<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR VIOLATION OF THE FEDERAL SECURITIES LAWS**<br><br><br>**DEMAND FOR JURY TRIAL** |

1    Plaintiff Suprabha Bhat ("Plaintiff"), by her attorneys, except for her own acts,
2    which are alleged on knowledge, alleges the following based upon the investigation of
3    counsel, which included a review of United States Securities and Exchange
4    Commission ("SEC") filings by Third Avenue Focused Credit Fund ("Third Avenue"
5    or the "Fund"), as well as regulatory filings and reports, securities analyst reports and
6    advisories by the Fund, press releases and other public statements issued by the Fund,
7    and media reports about the Fund. Plaintiff believes that additional evidentiary support
8    will exist for the allegations set forth herein after a reasonable opportunity for
9    discovery.

10                          **NATURE OF THE ACTION**

11    1.    This is a securities class action on behalf of all persons or entities who
12    purchased or otherwise acquired Institutional and Investor class shares of Third
13    Avenue (collectively, the "Class") from March 1, 2013 through December 10, 2015,
14    inclusive (the "Class Period"). Plaintiff brings her claims pursuant to Sections 11,
15    12(a)(2) and 15 of the Securities Act of 1933 (the "1933 Act" or the "Securities Act"),
16    15 U.S.C. §§ 77k, 77l and 77o.

17    2.    Third Avenue is a diversified mutual fund that, throughout the entire
18    Class Period, publicly represented that it "will [not] purchase or otherwise acquire any
19    investment if, as a result, more than 15% of its net assets…would be invested in
20    securities that are illiquid."  Indeed, the Fund made clear that "should illiquid assets
21    ever exceed 15% of a Fund's net assets, the Adviser would work with the Board to
22    determine the appropriate steps and time for alleviating such excess." The Fund was
23    only permitted to exceed the 15% threshold, however, with prior approval from the
24    Fund's Adviser's Executive Risk Committee. To this end, the Fund purported to
25    publicly identify the percentage of net assets of the Fund that were illiquid in each
26    Annual Report filed during the Class Period. For years 2013, 2014, and 2015, these
27    Annual Reports identified a percentage of illiquid net assets below the 15% threshold.

28

For example, as of October 31, 2015, Defendants claimed that only 13.4% of the Fund was illiquid.

3.     Liquidity is important for at least two reasons. First, liquid assets can be sold on relatively short notice without taking a material discount from the values reported in financial statements filed just prior to the asset sale. Second, because illiquid assets are not actively traded, they cannot be valued by reference to readily verifiable pricing data or other observable price inputs. In both regards, illiquid assets radically differ from liquid securities.

4.     Despite the importance of liquidity to the Fund's investors, these and other statements that Defendants made in connection with selling the Fund were materially false and misleading because they: (a) grossly understated the percentage of the Fund's illiquid assets and the Fund's above-average liquidity risk; (b) failed to disclose that the safeguards that purportedly limited the Fund's investment in illiquid assets were ineffective and that, consequently, the Fund's investment in illiquid assets exceeded its purported limits; (c) grossly overvalued the Fund's assets and overstated the Fund's net asset value ("NAV"); (d) implied that those investments identified as illiquid in the Fund's financial statements were the entire universe of illiquid securities owned by the Fund; and (e) overstated the extent to which the Fund could react to changing market conditions and sell its securities for the values it was claiming.

5.     In this case, Plaintiff and members of the Class were damaged when the undisclosed risks of the Fund's excessive investments in illiquid securities were realized.  Specifically, beginning in 2014, the Fund struggled to meet investors' growing "redemption requests" – the mechanism through which investors in a mutual fund may redeem their shares on any day during which the exchange upon which they are traded is open.  The increase in redemption requests, coupled with the Fund's shrinking portfolio and excessive illiquidity, drove down the NAV of the Fund and threatened to force the Fund to sell its illiquid assets at fair market value prices that were far lower than the value attributed to them in the Fund's financial statements.

Ultimately, the Fund became so highly concentrated in illiquid securities that, on December 10, 2015, Defendants suspended redemptions in the Fund and announced a plan to sell its remaining assets over time.

6.     As a result, the NAV of the Fund was damaged in two distinct, but related ways: (a) the Fund's assets, which were overstated throughout the Class Period, will likely be sold or are being sold by the Fund at fire sale prices, i.e. at fair market prices that lower than the overstated values reported by the Fund in its SEC filings; and (b) what value the Fund's assets did have was further reduced by the materialization of previously-concealed risks related to the Fund's illiquidity, which forced Defendants to suspend redemptions, effectively freezing investors' rightful assets.  Thus, investors were damaged by the very facts that Defendants misrepresented and/or concealed.

7.     On December 9, 2015, Defendants issued a letter that, as detailed herein, revealed the Fund's previously undisclosed liquidity risks. The letter stated that paying anticipated redemptions would have forced the Fund to sell assets at prices that represented only "a portion of those investments' fair value given current market conditions." In other words, Defendants finally disclosed that the Fund was so highly concentrated in illiquid investments that it could no longer satisfy redemption requests. By then, however, the Fund's blatant liquidity risks had come to pass, and the damage was almost entirely done.  The NAV of the Fund was approximately $10.89 per share at the beginning of the Class Period, and reached a high of $12.28 per share during the Class Period, on June 20, 2014.  As shown in the chart below, the NAV plummeted to as low as $6.48 per share on December 10, 2015 – representing a loss of over 36% throughout the Class Period:

8.     This decrease in NAV was dramatic compared to the performance of comparable funds, as Third Avenue was one of the worst performers in its peer group in 2015.  According to Reuters, "[t]he nearly $800 million Focused Credit Fund had a negative total return of nearly 30 percent this year before its closure, according to Morningstar Inc.  By contrast, the high-yield bond fund category is off 4.2 percent this

year." Accordingly, the drop in the Fund's NAV was not caused by general economic decline or upheaval in the credit markets but, rather, by Defendants' risky failure to adhere to the Fund's stated fundamental investment policies and objectives, and other regulatory constraints.

## JURISDICTION AND VENUE

9.      The federal law claims asserted herein arise under Sections 11, 12(a)(2) and 15 of the Securities Act and Section 13(a) of the ICA. In connection with the acts alleged herein, Defendants, directly or indirectly, used the means and instrumentalities of interstate commerce including, without limitation, the mail, interstate telephone communications, and the facilities of the national securities markets.

10.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331; Section 22 of the 1933 Act, 15 U.S.C. § 77v; and Section 44 of the ICA, 15 U.S.C. § 80a-43.

11.     Venue is proper in this Court pursuant to 15 U.S.C. §77v and 28 U.S.C. §139l(b) because many of the false and misleading statements were made in or issued from this District, including the dissemination to shareholders of the Registration Statements (defined herein). Moreover, several of the Defendants are found in, inhabitants of, or transact business in this District.

## PARTIES

**A.      Plaintiff**

12.     Plaintiff Suprabha Bhat, a resident of Houston, Texas, purchased shares of the Fund during the relevant time period pursuant to or traceable to a registration statement and prospectus at issue in this Complaint and has been damaged thereby.

**B.      Defendants**

13.     Defendant Third Avenue Trust (the "Trust") is an open-end management investment company that consists of different investment series, including the Fund. The Trust is organized under the laws of Delaware pursuant to a Trust Instrument dated

1    October 31, 1996. The Trust is headquartered at 622 Third Avenue, New York, New
2    York 10017.

3          14.     Defendant Third Avenue Management LLC (the "Adviser") is the
4    manager and investment adviser of the Fund and chooses the Fund's investments and
5    handles its day-to-day business. The Adviser is headquartered at 622 Third Avenue,
6    New York, New York 10017. The Adviser carries out its duties, subject to the policies
7    established by the Fund's Board of Trustees, under an investment advisory agreement.
8    As compensation for its services, the Adviser receives a management fee.

9          15.     Defendant M.J. Whitman LLC (the "Distributor"), is an affiliate of the
10   Adviser and was, during the relevant time period, the principal underwriter and
11   distributor for shares of the Fund. The Distributor also served as the Trust's agent for
12   the purpose of the continuous public offering of the Fund's shares. The Distributor is
13   also located at 622 Third Avenue, New York, New York 10017.

14         16.     Defendant Martin J. Whitman ("Whitman") is the Chairman of the Board
15   of Trustees of the Trust and signed each Registration Statement effective during the
16   Class Period through December 10, 2015.

17         17.     Defendant David M. Barse ("Barse") was President, Chief Investment
18   Officer, and Trustee of the Trust, President and Chief Executive Officer of the Adviser,
19   and President, Director and Chief Executive Officer of the Distributor during the Class
20   Period. Barse signed each Registration Statement effective during the Class Period
21   through December 10, 2015.

22         18.     Defendant Jack W. Aber ("Aber") is Trustee of the Trust and signed each
23   Registration Statement effective during the Class Period through December 10, 2015.

24         19.     Defendant William E. Chapman, II ("Chapman") is a Trustee of the Trust
25   and signed each Registration Statement effective during the Class Period through
26   December 10, 2015.

27

28

20.    Defendant Lucinda Franks ("Franks") is a Trustee of the Trust and signed each Registration Statement effective during the Class Period through December 10, 2015.

21.    Defendant Edward J. Kaier ("Kaier") is a Trustee of the Trust and signed each Registration Statement effective during the Class Period through December 10, 2015.

22.    Defendant Marvin Moser ("Moser") is a Trustee of the Trust and signed each Registration Statement effective during the Class Period through December 10, 2015.

23.    Defendant Eric Rakowski ("Rakowski") is a Trustee of the Trust and signed each Registration Statement effective during the Class Period through December 10, 2015.

24.    Defendant Martin Shubik ("Shubik") is a Trustee of the Trust and signed each Registration Statement effective during the Class Period through December 10, 2015.

25.    Defendant Charles C. Walden ("Walden") is a Trustee of the Trust and signed each Registration Statement effective during the Class Period through December 10, 2015.

26.    Defendant Vincent J. Dugan ("Dugan") has been Treasurer and Chief Financial Officer of the Trust, and Chief Operating Officer and Chief Financial Officer of the Adviser and the Distributor, since 2004. He was a member of the Trust's Valuation Committee during the Class Period and signed each Registration Statement effective during the Class Period through December 10, 2015.

27.    Defendant W. James Hall III ("Hall") has been General Counsel and Secretary of the Trust, the Adviser, and the Distributor since 2000. He was a member of the Trust's Valuation Committee during the Class Period.

28.     Defendant Michael Buono ("Buono") has been Controller of the Trust, the Adviser, and the Distributor since 2006. He was a member of the Trust's Valuation Committee during the Class Period.

29.     Defendant Thomas Lapointe ("Lapointe") has been a Portfolio Manager and Team Leader for the Fund since 2010. He participated in the drafting of the prospectuses pursuant to which the Fund was sold.

30.     Defendant Nathaniel Kirk ("Kirk") has been a Portfolio Manager for the Fund since 2013. He participated in the drafting of the prospectuses pursuant to which the Fund was sold.

31.     Defendant Edwin Tai ("Tai") has been a Portfolio Manager and Team Leader for the Fund since 2013. He participated in the drafting of the prospectuses pursuant to which the Fund was sold.

32.     Defendant Joseph Zalewski ("Zalewski") has been a Portfolio Manager and Team Leader for the Fund since 2013. He participated in the drafting of the prospectuses pursuant to which the Fund was sold.

33.     This complaint refers to Defendants Whitman, Barse, Aber, Chapman, Franks, Kaier, Moser, Rakowski, Shubik, and Walden collectively as the "Trustee Defendants."

34.     This complaint refers to Defendants Barse, Dugan, Hall, Buono, Lapointe, Kirk, Tai, and Zalewski collectively as the "Officer Defendants."

35.     This complaint refers to the Trustee Defendants and the Officer Defendants collectively as the "Individual Defendants."

## SUBSTANTIVE ALLEGATIONS

36.     The Fund's shares were marketed and sold to Plaintiff and Class members throughout the Class Period pursuant to its registration statements, prospectuses, and statements of additional information ("SAI"), which were incorporated by reference into the registration statements and prospectuses

(collectively, the "Registration Statements") and were issued on the following dates, among others:

- Registration Statement filed pursuant to Form N-1A, Prospectus, SAI, and Annual Report incorporated in the Prospectus by reference on March 1, 2013 (collectively "March 2013 Prospectus");

- Registration Statement filed pursuant to Form N-1A, Prospectus, SAI, and Annual Report incorporated in the Prospectus by reference on February 28, 2014 (collectively "February 2014 Prospectus"); and

- Registration Statement filed pursuant to Form N-1A, Prospectus, SAI, and Annual Report incorporated in the Prospectus by reference on March 1, 2015 (collectively "March 2015 Prospectus").

37.     Each of the foregoing documents was negligently prepared and contained untrue statements of material fact and/or failed to state other facts necessary to make the statements made not misleading, as described below. Although the documents were not identical, they contained many substantially similar untrue statements and were rendered misleading by substantially similar omissions of material fact.

38.     A reasonable investor would have viewed the undisclosed facts described herein, jointly and severally, as having altered the total mix of available information. A reasonable investor also would understand that the undisclosed facts would cause the Fund to undertake materially increased investment risk during the Class Period because the Fund was investing in securities that were of materially greater risk than had been disclosed.

39.     For example, the March 2013 Prospectus contained materially false and misleading statements and omissions that included, inter alia, the following:

- "None of the Funds will purchase or otherwise acquire any investment if, as a result, more than 15% of its net assets (taken at current market value) would be invested in securities that are illiquid."

•      "Generally speaking, an illiquid security is any asset or investment of which a Fund cannot sell a normal trading unit in the ordinary course of business within seven days at approximately the value at which a Fund has valued the asset or investment, including securities that cannot be sold publicly due to legal or contractual restrictions."

•      "Also, should illiquid assets ever exceed 15% of a Fund's net assets, the Adviser would work with the Board to determine the appropriate steps and timeframe for alleviating such excess."

•      "The Adviser's Executive Risk Committee (the 'Committee') recommends certain position limitation guidelines for the Funds. The guidelines supplement limits imposed by regulatory agencies and the Prospectus. The guidelines are not meant to impose rigid limitations and from time to time the Committee fully expects exceptions to occur. However, exceptions may only occur with prior approval from the Committee. These guidelines serve to provide enhanced oversight of more concentrated positions."

40.     Substantially similar representations were made in the February 2014 Prospectus and the March 2015 Prospectus.

41.     These statements were materially false and misleading, among other reasons, because they: (a) grossly understated the percentage of the Fund's illiquid assets and the Fund's above-average liquidity risk; (b) failed to disclose that the safeguards that purportedly limited the Fund's investment in illiquid assets were ineffective and that, consequently, the Fund's investment in illiquid assets exceeded its purported limits; (c) grossly overvalued the Fund's assets and overstated the Fund's NAV; (d) implied that those investments identified as illiquid in the Fund's financial statements were the entire universe of illiquid securities owned by the Fund; and (e) overstated the extent to which the Fund could react to changing market conditions and sell its securities for values it was claiming.

42.    Nor did Defendants provide the promised "enhanced oversight" of the Fund's risks as they related to its concentrated position in illiquid securities. Thus, although Defendants stated in the Registration Statements that the Fund's Adviser monitored the liquidity of the Fund's holdings, unbeknownst to investors, this statement was materially false and misleading. In fact, either the Fund's Adviser failed to monitor the liquidity of the Fund's holdings as Defendants stated, or, it monitored its holdings, but inexcusably failed to classify certain obviously illiquid securities as such.

43.    An analysis of the Fund's holdings in 2013, 2014, and 2015 has shown that the Fund consistently held more than 15% of its net assets in illiquid securities that could not be sold within seven days at approximately the value at which the Fund held them. Defendants did not take adequate steps to reduce the Fund's illiquid holdings as the excessive illiquidity remained over a period of years. Indeed, the Fund was so concentrated in illiquid securities that it should not have been offered as a mutual fund allowing daily redemptions.  Redemptions in the Fund eventually caused Defendants to sell less liquid assets that reduced the Fund's share price, leading to more redemptions and more losses. This death spiral led Defendants ultimately to take the nearly unprecedented step of shutting down the Fund and suspending redemptions. The investors remaining in the Fund will get back some unknown portion of their investment, which is currently frozen, over an undetermined length of time.

44.    Due to Defendants' positive, but misleading or untrue statements, billions of dollars poured into Defendants' Fund at prices set by Defendants. The NAV of the Fund was approximately $10.89 per share at the beginning of the Class Period before reaching as high as $12.28 on June 20, 2014. Subsequent to the revelation of the Fund's true liquidity risks, the NAV then began to decline, plummeting to as low as $6.48 per share on December 10, 2015. During the class period, the decline in NAV of the Fund's shares represents a loss of over 36%.

## CLASS ACTION ALLEGATIONS

45.     Plaintiff brings this action as a class action pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3) on behalf of a class consisting of all persons or entities who acquired shares of the Fund traceable to the false and misleading Registration Statements during the period from March 1, 2013 to December 10, 2015. Excluded from the Class are Defendants; the Officers and Trustees of the Fund, members of their immediate families and their legal representatives, heirs, successors or assigns; and any entity in which Defendants have or had a controlling interest.

44.     The members of the Class are so numerous that joinder of all members is impracticable. While the exact number of Class members is unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff believes that there are at least hundreds of members in the proposed Class. Record owners and other members of the Class may be identified from records maintained by the Trust or its transfer agent and may be notified of the pendency of this action by mail, using the forms of notice similar to that customarily used in securities class actions. The Fund has millions of outstanding shares.

45.     Plaintiff's claims are typical of the claims of the members of the Class as all members of the Class are similarly affected by Defendants' wrongful conduct alleged herein.

46.     Plaintiff will fairly and adequately protect the interests of the members of the Class and has retained counsel competent and experienced in class and securities litigation.

47.     Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class. Among the questions of law and fact common to the Class are:

• whether the 1933 Act was violated by Defendants' acts as alleged herein;

• whether statements contained in the Fund's Registration Statements and other materials incorporated therein misrepresented or omitted material facts about the Fund;

• whether the members of the Class have sustained damages and, if so, the proper measure of such damages; and

• whether Defendants caused the Fund to deviate from a fundamental policy.

48. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable. Furthermore, as the damages suffered by individual Class members may be relatively small, the expense and burden of individual litigation make it impossible for members of the Class to individually redress the wrongs done to them. There will be no difficulty in the management of this action as a class action.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION

### For Violations of § 11 of the 1933 Act

### Against All Defendants

49. Plaintiff repeats and realleges each and every allegation above as if set forth fully herein.

50. This Count is brought pursuant to Section 11 of the 1933 Act, 15 U.S.C. § 77k, against the Trust, the Adviser, the Distributor, and the Trustee Defendants, who served as trustees and/or officers during the Class Period and/or signed one or more of the Fund's Registration Statements and/or underwrote shares pursuant to the Fund's Registration Statements (collectively, the "Individual Section 11 Defendants"). These Defendants violated, or controlled a person who violated Section 11 of the 1933 Act.

51. This Count is not based on and does not sound in fraud.

52. The Individual Section 11 Defendants signed at least one registration statement issued by the Fund during the Class Period, and/or served as a

director/trustee and/or underwrote shares of the Fund during the Class Period. The Fund issued securities pursuant to the Fund's registration statements issued during the Class Period.

53.    The Defendants named in this Count were responsible for the contents and dissemination of the Fund's registration statements.

54.    The Fund's Registration Statements contained untrue statements of material facts, failed to state other facts necessary to make the statements made not misleading, and/or failed to state material facts required to be stated therein.

55.    None of the Defendants named in this Count made a reasonable investigation or possessed reasonable grounds for the belief that the statements contained in the Fund's Registration Statements were true and without omissions of any material facts and were not misleading.

56.    Plaintiff and the Class acquired the Fund's shares pursuant to one or more materially false and misleading Registration Statements.

57.    Plaintiff and the Class have sustained damages in that the value of the Fund's shares has declined substantially from the prices at which they were purchased.

58.    At the time of their purchases of the Fund's shares, Plaintiff and other members of the Class were without knowledge of the facts concerning the untrue statements or omissions alleged herein and could not have reasonably discovered those facts prior to the date that the initial complaint in this action was filed.

59.    Less than one year has elapsed between the time that Plaintiff or any member of the Class discovered or reasonably could have discovered the facts alleged herein, and the date of the filing of this complaint. Less than three years have elapsed between the time that Plaintiff or any member of the Class purchased the Fund shares upon which this Count is brought and the date the filing of this complaint.

60.    By virtue of the foregoing, Plaintiff and the other members of the Class are entitled to damages under §11 as measured by the provisions of §11(e), from the Defendants and each of them, jointly and severally.

**SECTION CAUSE OF ACTION**

**For Violations of §12(a)(2) of the 1933 Act**

**Against All Defendants**

61.     Plaintiff repeats and realleges each and every allegation above as if set forth fully herein.

62.     This Count is brought pursuant to Section 12(a)(2) of the 1933 Act, 15 U.S.C. § 77l(a)(2), on behalf of Plaintiff and all members of the Class who were offered or sold shares of the Fund as participants in the distribution of the Fund's shares against the Trust, the Adviser, the Distributor, and the Trustee Defendants, who served as trustees and/or officers during the Class Period and/or signed one or more of the Fund's Registration Statements and/or underwrote shares pursuant to the Fund's Registration Statements (the "Section 12(a)(2) Defendants"). These Defendants violated, or controlled a person who violated, Section 12(a)(2) of the 1933 Act.

63.     This Count is not based on and does not sound in fraud.

64.     The Section 12(a)(2) Defendants offered, solicited, distributed, and/or sold a security, namely shares of the Fund, by means of the Registration Statements. The Registration Statements contained untrue and/or misleading statements of material fact, contained material omissions, or omitted material facts necessary in order to make the statements, in light of the circumstances under which they were made, not misleading. The Section 12(a)(2) Defendants knew, or in the exercise of reasonable care would have known, that these statements were materially false.

65.     The Section 12(a)(2) Defendants actively solicited the sale of the Fund's shares through the Registration Statements, advertising, and other marketing efforts to serve their own financial interests, and are liable to Plaintiff and Class members pursuant to Section 12(a)(2) of the 1933 Act, as sellers of the shares of the Fund.

66.     At the time they purchased the Fund's shares from the Section 12(a)(2) Defendants, Plaintiff and other members of the Class did not know that the representations made to them by the Section 12(a)(2) Defendants (in connection with

1  the distribution of shares) and the matters described above were untrue, did not know

2  the above-described omitted material facts were not disclosed and could not have

3  reasonably discovered those facts.

4       67.    Less than one year has elapsed between the time that Plaintiff or any

5  member of the Class discovered or reasonably could have discovered the facts alleged

6  herein, and the date of the filing of this complaint. Less than three years have elapsed

7  between the time that Plaintiff or any member of the Class purchased the Fund shares

8  upon which this Count is brought and the date the filing of this complaint.

9       68.    Pursuant to Section 12(a)(2) of the 1933 Act, Plaintiff and Class members

10  are entitled to recover, upon tender of the Fund shares they purchased, the

11  consideration paid for the shares with interest thereon, less the amount of any income

12  received thereon, or damages resulting from the Section 12(a)(2) Defendants' conduct.

13       69.    Plaintiff and putative Class members who still hold shares of the Fund

14  hereby tender any and all shares that were damaged by Defendants' violation of

15  Section 12(a)(2) of the Securities Act, in exchange for consideration paid for those

16  securities, and any interest accrued thereon.

**THIRD CAUSE OF ACTION**

**For Violations of § 15 of the 1933 Act**

**Against The Individual Defendants**

20       70.    Plaintiff repeats and realleges each and every allegation above as if set

21  forth fully herein.

22       71.    This Count is brought pursuant to Section 15 of the 1933 Act against the

23  Individual Defendants as control persons of the Fund, who violated Sections 11 and

24  Section 12, as alleged herein.

25       72.    Each of the Individual Defendants was a control person of the Fund by

26  virtue of his or her position as a trustee and/or senior officer of the Fund. The Individual

27  Defendants were in a position to, and did, control the Fund's operations and disclosures

28  made by the Fund in the Registration Statements issued during the Class Period.

73.     The Individual Defendants are liable, as control persons, for damages caused by the Fund's violations of Sections 11 and Section 12.

74.     The Individual Defendants did not make a reasonable investigation or possess reasonable grounds for the belief that the statements contained in the Registration Statements were accurate and complete in all material respects. Had they exercised reasonable care, they could have known of the material misstatements and omissions alleged herein.

75.     Less than one year has elapsed between the time that Plaintiff or any member of the Class discovered or reasonably could have discovered the facts alleged herein, and the date of the filing of this complaint. Less than three years have elapsed between the time that Plaintiff or any member of the Class purchased the Fund shares upon which this Count is brought and the date the filing of this complaint.

76.     By reason of the misconduct alleged herein, for which the Fund is primarily liable, as set forth above, the Individual Defendants are jointly and severally liable with and to the same extent as the Fund pursuant to 1933 Act.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of herself and the other members of the Class, pray for judgment as follows:

A.     Declaring this action to be a class action properly maintained pursuant to the Federal Rules of Civil Procedure, certifying the Class with Plaintiff as Class Representative and certifying Plaintiff's counsel as Class Counsel;

B.     Awarding Plaintiff and the other members of the Class damages against Defendants, jointly and severally, together with interest thereon;

C.     Awarding Plaintiff and the other members of the Class rescission on their Second Cause of Action, to the extent they still hold Fund shares, or if sold, awarding rescissory damages in accordance with Section 12(a)(2) of the 1933 Act from the Defendants named in that Count;

1        D.     Awarding Plaintiff and the other members of the Class their costs and

2   expenses of this litigation, including reasonable attorneys' fees, accountants' fees,

3   experts' fees and other costs and disbursements; and

4        E.     Awarding Plaintiff and the other members of the Class such other and

5   further relief as the Court deems appropriate under the circumstances.

6   **DEMAND FOR JURY TRIAL**

7        Plaintiff demands a trial by jury on all counts so triable.

8

9   Dated:  February 9, 2016          **SHEPHERD FINKELMAN**
                                   **MILLER & SHAH LLP**

10

11                    By:   */s/Valerie L. Chang*

12                         Valerie L. Chang (SBN 295147)
                      11755 Wilshire Blvd., 15th Floor

13                         Los Angeles, CA 90025

14                         Tel:  (323) 510-4060
                      Fax: (866) 300-7367

15                         Email:  vchang@sfmslaw.com

16                         Rose F. Luzon (SBN 221544)

17                         401 West A Street, Suite 2550

18                         San Diego, CA 92101
                      Tel: (619) 235-2416

19                         Fax: (866) 300-7367
                      rluzon@sfmslaw.com

20

21                         **LEVI & KORSINSKY LLP**
                      Shannon L. Hopkins

22                           (to be admitted *pro hac vice*)

23                         733 Summer Street, Suite 304
                      Stamford, CT 06901

24                         Tel: (203) 992-4523

25                         Fax: (212) 363-7171
                      Email: shopkins@zlk.com

26

27                         *Attorneys for Plaintiff Suprabha Bhat*

28