JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES—GENERAL

**Case No.** CV-16-602-MWF (SSx), CV-16-736- MWF (SSx), **Date:** April 12, 2016
CV-16-770-MWF (SSx), CV-16-904-MWF (SSx)

**Title:** Loi Tran -v- Third Avenue Management LLC et al.; Inter-Marketing Group USA, Inc. -v- Third Avenue Trust et al.; Scott Matthews -v- Third Avenue Management LLC et al.; Suprabha Bhat -v- Third Avenue Management LLC et al.

**Present:** The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

| Relief Deputy Clerk: | Court Reporter: |
|---|---|
| Cheryl Wynn | Not Reported |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| None Present | None Present |

**Proceedings (In Chambers):** ORDER GRANTING MOTION TO TRANSFER TO SOUTHERN DISTRICT OF NEW YORK

Before the Court are the following related putative securities class actions filed against Third Avenue Trust (the "Trust"), its manager and investment advisor Third Avenue Management LLC ("TAM"), its underwriter M.J. Whitman LLC (the "Underwriter"), and certain individual trustees and officers of the Trust or TAM:

- *Tran v. Third Avenue Management LLC et al.*, No. 2:16-cv-602-MWF-SSx ("*Tran* Docket");

- *Inter-Marketing Group USA, Inc. v. Third Avenue Trust et al.*, No. 16-cv-736-MWF-SSx ("*IMG* Docket");

- *Matthews v. Third Avenue Management LLC et al.*, No. 16-cv-770-MWF-SSx ("*Matthews* Docket"); and

- *Bhat v. Third Avenue Management LLC et al.*, No. 16-cv-904-MWF-SSx ("*Bhat* Docket").

In addition to claims asserted against the Trust, TAM, and the Underwriter, the Complaints in *Tran*, *Matthews*, and *Bhat* assert claims against the same group of individual Defendants: Martin J. Whitman; David M. Barse; Jack W. Aber; William E.

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.**  CV-16-602-MWF (SSx), CV-16-736- MWF (SSx),   **Date:**  April 12, 2016
CV-16-770-MWF (SSx), CV-16-904-MWF (SSx)

**Title:**   Loi Tran -v- Third Avenue Management LLC et al.; Inter-Marketing Group USA, Inc. -v- Third Avenue Trust et al.; Scott Matthews -v- Third Avenue Management LLC et al.; Suprabha Bhat -v- Third Avenue Management LLC et al.

Chapman, II; Lucinda Franks; Edward J. Kaier; Marvin Moser; Eric Rakowski; Martin Shubik; Charles C. Walden; Vincent J. Dugan; W. James Hall, III; Michael Buono; Thomas Lapointe; Nathaniel Kirk; Edwin Tai; and Joseph Zalewski.  (*Tran* Docket No. 1 ("*Tran* Complaint"); *Matthews* Docket No. 1 ("*Matthews* Complaint"); *Bhat* Docket No. 1 ("*Bhat* Complaint")).  The Complaint in *IMG*, however, differs in that certain individual Defendants are excluded (*i.e.*, Aber, Moser, Hall, Buono, Lapointe, Kirk, Tai, and Zalewski) and one individual Defendant is added (*i.e.*, Patrick Reinkemeyer).  (*IMG* Docket No. 1 ("*IMG* Complaint")).

Now pending before the Court are two opposed Motions to Transfer to the Southern District of New York ("SDNY"):

- In the *Tran* action, Defendants Buono, Dugan, Hall, the Underwriter, TAM, and the Trust filed a Motion to Transfer Case to SDNY ("*Tran* Motion").  (*Tran* Docket No. 11).  Defendants Barse and Whitman filed Joinders to this motion.  (*Id.* Docket Nos. 22, 26).  Plaintiff Tran filed an Opposition ("*Tran* Opposition") (*id.* Docket No. 24), to which Defendants filed a Reply ("*Tran* Reply") (*id.* Docket No. 28).  Defendants also filed a Notice of New Facts on April 4, 2016.  (*Id.* Docket No. 45).

- In the *IMG* action, Defendants Dugan, the Underwriter, the Trust, and TAM filed a Motion and Amended Motion to Transfer Case to SDNY in the *IMG* action ("*IMG* Motion").  (*IMG* Docket Nos. 21, 25).  Defendants Barse and Whitman again filed Joinders to this motion.  (*Id.* Docket Nos. 32, 46).  Plaintiff IMG filed an Opposition ("*IMG* Opposition") (*id.* Docket No. 49), to which Defendants filed a Reply ("*IMG* Reply") (*id.* Docket No. 50).

Also pending before the Court are two unopposed Motions to Transfer to SDNY filed in the *Matthews* and *Bhat* actions.  (*Matthews* Docket No. 22; *Bhat* Docket No.

---

**CIVIL MINUTES—GENERAL**                                                                                       2

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| **Case No.** CV-16-602-MWF (SSx), CV-16-736- MWF (SSx), CV-16-770-MWF (SSx), CV-16-904-MWF (SSx) | **Date:** April 12, 2016 |
| **Title:** Loi Tran *-v-* Third Avenue Management LLC et al.; Inter-Marketing Group USA, Inc. *-v-* Third Avenue Trust et al.; Scott Matthews *-v-* Third Avenue Management LLC et al.; Suprabha Bhat *-v-* Third Avenue Management LLC et al. | |

13).  Defendants Barse and Whitman again filed Joinders to these motions.  (*Matthews* Docket Nos. 31, 34; *Bhat* Docket Nos. 22, 29).

The Court has read and considered the Motions and related papers, and a hearing was held on **April 11, 2016**.

For the reasons stated below, the Motion to Transfer is **GRANTED**.  The convenience of the parties, the convenience of the witnesses, and the interests of justice overwhelmingly support a transfer of these four related cases to SDNY.  It is immaterial that the first-filed action, now pending in the Southern District of New York, was originally filed in the New York Supreme Court and then removed, or that it is in form a derivative action.

## I. FACTUAL BACKGROUND

Plaintiffs in *Tran*, *Matthews*, *IMG*, and *Bhat* bring claims arising under the Securities Act of 1933 on behalf of a putative nationwide class for securities fraud.  The four related actions are brought on behalf of the same putative class of the purchasers of Third Avenue Focused Credit Fund Investor Class shares and Third Avenue Focused Credit Fund Institutional Class shares between March 1, 2013, and December 10, 2015.  (*Tran* Complaint ¶ 1; *IMG* Complaint ¶ 4; *Matthews* Complaint ¶ 1; *Bhat* Complaint ¶ 1).  Because the four Complaints overlap substantially in their allegations, the Court takes the following facts from the earliest-filed *Tran* Complaint:

The Trust is an open-end management investment company that consists of different investment series, including the Third Avenue Focused Credit Fund (the "Fund.").  (*Tran* Complaint ¶ 10).  TAM serves as the investment adviser of the Fund and manages the Fund's daily operations, including selecting the Fund's investments.  (*Id.* ¶ 11).  The Underwriter, an affiliate of TAM, serves as the principal underwriter and distributor of shares for the Fund.  (*Id.* ¶ 12).  The Underwriter also serves as the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV-16-602-MWF (SSx), CV-16-736- MWF (SSx),   **Date:** April 12, 2016
CV-16-770-MWF (SSx), CV-16-904-MWF (SSx)

**Title:**   Loi Tran *-v-* Third Avenue Management LLC et al.; Inter-Marketing Group USA, Inc. *-v-* Third Avenue Trust et al.; Scott Matthews *-v-* Third Avenue Management LLC et al.; Suprabha Bhat *-v-* Third Avenue Management LLC et al.

Trust's agent in the continuous public offering of the Fund's shares. (*Id.*). The Trust, TAM, and the Underwriter are headquartered in New York City. (*Id.* ¶¶ 10–12).

Plaintiffs allege that Defendants violated the Securities Act by registering, offering, and selling shares of the Fund pursuant to false and misleading registration statements and prospectuses. (*Id.* ¶ 3). Specifically, like most mutual funds, the Fund promised investors that it would hold only a small portion of its assets in illiquid securities. (*Id.* ¶ 4). The Fund's registration statements and prospectuses issued and filed with the Securities Exchange Commission ("SEC") represented that the Fund would hold no more than 15% of its assets in illiquid securities. (*Id.*). During the relevant period, however, the Fund consisted of a far greater portion of illiquid assets than promised. (*Id.*). In 2014 and 2015, facing growing redemptions, the Fund shrank to less than $1 billion in assets. (*Id.*). The increasing redemptions and excessive illiquidity of the Fund threatened forced sale of the illiquid securities at fire sale prices. (*Id.*). The Fund became so concentrated in illiquid securities that, on December 10, 2015, Defendants suspended redemptions and announced a plan to sell its remaining assets over time. (*Id.*). During the relevant period, the decline in the Fund's Net Asset Value represented a loss of over 36%. (*Id.* ¶ 49).

On January 15, 2016, William Engel filed a derivative action against TAM as well as Defendants Whitman, Barse, Dugan, Hall, Buono, and Joseph J. Reardon in the Supreme Court of the State of New York (the "SDNY Action"). (*Engel v. Third Avenue Management Company LLC et al.*, No. 1:16-cv-1118-PKC (S.D.N.Y.) ("SDNY Docket"), Removal Papers (Docket No. 1)). The Complaint also named the Trust as a Nominal Defendant. (*Id.*). On February 12, 2016, Defendants removed the action to the Southern District of New York. (*Id.*).

On March 8, 2016, William Engel filed an Amended Complaint, which describes the "Nature of the Case" as follows:

JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES—GENERAL

**Case No.** CV-16-602-MWF (SSx), CV-16-736- MWF (SSx), **Date:** April 12, 2016
CV-16-770-MWF (SSx), CV-16-904-MWF (SSx)

**Title:** Loi Tran *-v-* Third Avenue Management LLC et al.; Inter-Marketing Group USA, Inc. *-v-* Third Avenue Trust et al.; Scott Matthews *-v-* Third Avenue Management LLC et al.; Suprabha Bhat *-v-* Third Avenue Management LLC et al.

> This is a shareholder derivative action brought by an investor, in and on behalf of the Third Avenue Focused Credit Fund (the "Fund") to recover approximately $500 million of losses and other damages sustained as a direct result of Defendants' failure to comply with their most fundamental and basic duty—to manage and maintain sufficient liquidity for the Fund to stay open and in business.

(*Id.* Docket No. 30 ¶ 1).

The Amended Complaint asserts claims of breach of fiduciary duties and breach of contract against Defendants based on Defendants' failure to comply with SEC rules and regulations as well as the Fund's own representations in prospectuses and registration statements that the Fund's investment in illiquid securities would be restricted to no more than 15% of the Fund's assets. (*Id.* ¶¶ 8–9, 40–66, 99–110).

On January 27, 2016, Plaintiff Loi Tran filed suit on behalf of the putative nationwide class for securities fraud in this District. Plaintiffs in *Matthews*, *Bhat*, and *IMG* subsequently initiated separate actions for the same claims in this District, and these actions were later transferred to this Court based on their relatedness to the *Tran* action.

## II. DISCUSSION

### A. Motion to Transfer

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV-16-602-MWF (SSx), CV-16-736- MWF (SSx),   **Date:** April 12, 2016
CV-16-770-MWF (SSx), CV-16-904-MWF (SSx)

Title:   Loi Tran -v- Third Avenue Management LLC et al.; Inter-Marketing Group USA, Inc. -v- Third Avenue Trust et al.; Scott Matthews -v- Third Avenue Management LLC et al.; Suprabha Bhat -v- Third Avenue Management LLC et al.

been brought . . . ." 28 U.S.C. § 1404(a). However, a motion to transfer should not merely shift the inconvenience from the moving party to the opposing party. *See Decker Coal Co. v. Commonwealth Edison Co*., 805 F.2d 834, 843 (9th Cir. 1986).

"The burden is on the moving party to establish that a transfer will allow a case to proceed more conveniently and better serve the interests of justice." *Allstar Mktg. Group, LLC v. Your Store Online, LLC*, 666 F. Supp. 2d 1109, 1131 (C.D. Cal. 2009). The threshold question under Section 1404(a) requires the Court to determine whether the case could have been brought in the forum to which the transfer is sought." *Roling v. E*Trade Secs., LLC*, 756 F. Supp. 2d 1179, 1184 (N.D. Cal. 2010). None of the parties disputes that this case could have been brought in SDNY, and the Court agrees.

"If venue would be appropriate in the would-be transferee court, then the court must make an 'individualized, case-by-case consideration of convenience and fairness.'" *Roling*, 756 F. Supp. at 1184. The Court must consider the following three factors: (1) the convenience of the parties; (2) the convenience of the witnesses; and (3) the interests of justice. 28 U.S.C. § 1404(a). "In analyzing the third factor, the 'interests of justice,' a number of factors are relevant, including: (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof." *Metz v. U.S. Life Ins. Co. in City of New York*, 674 F. Supp. 2d 1141, 1145-46 (C.D. Cal. 2009).

### 1. Convenience of the Parties

The convenience of the parties weighs in favor of transfer. The Trust, TAM, and the Underwriter are headquartered in Manhattan. (Declaration of W. James Hall ("Hall

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | | |
|---|---|---|
| **Case No.** | CV-16-602-MWF (SSx), CV-16-736- MWF (SSx), CV-16-770-MWF (SSx), CV-16-904-MWF (SSx) | **Date:** April 12, 2016 |
| Title: | Loi Tran -v- Third Avenue Management LLC et al.; Inter-Marketing Group USA, Inc. -v- Third Avenue Trust et al.; Scott Matthews -v- Third Avenue Management LLC et al.; Suprabha Bhat -v- Third Avenue Management LLC et al. | |

Decl."), Docket No. 11-2 ¶¶ 3–5). Furthermore, a majority of the individual Defendants reside in New York City or nearby cities or states. (*Id.* ¶ 7 (of the individual Defendants, eight reside in New York, three in Connecticut, one in New Jersey, one in Pennsylvania, and one in Maryland)). One individual Defendant named in the *IMG* action resides in California. (*IMG* Opposition at 4).

On the other hand, based on the record before the Court, the only Plaintiff who resides in this District or even California, is Plaintiff Tran. (*Tran* Complaint ¶ 9). Plaintiff Bhat is a resident of Houston, Texas (*Bhat* Complaint ¶ 12), and the residences of Plaintiffs IMG and Matthews are not pleaded in their Complaints or the briefing submitted in this Motion. Defendants indicate that, upon information and belief, IMG is headquartered in Chicago. (Declaration of John P. Coffey ("Coffey Decl."), Docket No. 11-3 ¶¶ 8–9). Assuming that IMG is based in Chicago, which is closer to New York City than Los Angeles, the Court does not see how IMG would be more inconvenienced by a transfer to SDNY. Furthermore, as discussed in more detail below, the significance of Plaintiff Tran's residence in this District is significantly discounted by the fact that his participation in the action is likely limited based on his decision not to compete for appointment as Lead Plaintiff. At the hearing, counsel for Plaintiff Tran acknowledged this fact and indicated that Plaintiff Tran is "agnostic" to the outcome of the Motion. The Court also notes that Plaintiffs Matthews and Bhat do not oppose a transfer to SDNY.

Given that over a dozen Defendants reside in SDNY or neighboring areas and that only one Plaintiff, who has not sought appointment as Lead Plaintiff, and one individual Defendant reside in California, the convenience of the parties overwhelmingly favors transfer.

    **2. Convenience of the Witnesses**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV-16-602-MWF (SSx), CV-16-736- MWF (SSx),   **Date:** April 12, 2016
CV-16-770-MWF (SSx), CV-16-904-MWF (SSx)

Title:    Loi Tran -v- Third Avenue Management LLC et al.; Inter-Marketing Group USA, Inc. -v- Third Avenue Trust et al.; Scott Matthews -v- Third Avenue Management LLC et al.; Suprabha Bhat -v- Third Avenue Management LLC et al.

"The relative convenience to the witnesses is often recognized as the most important factor to be considered in ruling on a motion under § 1404(a)." *Metz*, 674 F. Supp. 2d at 1147 (citation omitted). In balancing the convenience of witnesses, "courts must consider not only the number of witnesses, but also the nature and quality of their testimony. The convenience of non-party witnesses is a more important factor than the convenience of party witnesses." *Id.*

As discussed above, the Trust, TAM, and the Underwriter are headquartered in Manhattan, New York. The future pretrial and trial phases of these actions will heavily involve employees of these Defendants, as they are presumably the most knowledgeable about the contents of the Fund's prospectuses, liquidity level, investment strategy, as well as liquidation and redemption processes. Furthermore, Defendants have also named five third-party service providers based in New York and Pennsylvania who have assisted previously in the valuation of the Fund assets, Fund audits, and preparation of Fund prospectuses and registration statements. (Hall Decl. ¶ 9).

Beyond Plaintiff Tran, Plaintiffs have not identified a single witness who will be inconvenienced if transfer to SDNY is granted. Although there may be additional putative class members who reside in California, this is not a fact unique to California given the nationwide nature of the putative class. IMG argues that the Fund has made numerous investments in California entities (*IMG* Opposition at 4), but the relevance of these California entities is not clear and it seems unlikely to the Court that witnesses from these California entities would be involved in this litigation.

Accordingly, on balance, the convenience of the witnesses, particularly the relevant third-party witnesses, overwhelmingly favors transfer.

### 3. Interests of Justice

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV-16-602-MWF (SSx), CV-16-736- MWF (SSx), **Date:** April 12, 2016
CV-16-770-MWF (SSx), CV-16-904-MWF (SSx)

**Title:** Loi Tran *-v-* Third Avenue Management LLC et al.; Inter-Marketing Group USA, Inc. *-v-* Third Avenue Trust et al.; Scott Matthews *-v-* Third Avenue Management LLC et al.; Suprabha Bhat *-v-* Third Avenue Management LLC et al.

As part of this analysis, the Court may consider a number of factors, including but not limited to (1) the location where the relevant agreements were negotiated and took place; (2) the state that is most familiar with the governing law; (3) the plaintiff's choice of forum; (4) the respective parties' contacts with the forum; (5) the contacts relating to the plaintiff's cause of action in the chosen forum; (6) the differences in the costs of litigation in the two forums; (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses; and (8) the ease of access to sources of proof. *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498–99 (9th Cir. 2000). The Court focuses its analysis on the disputed issues in the parties' briefs.

*Plaintiff's Choice of Forum*: Substantial weight is normally accorded to the plaintiff's choice of forum, but there are also instances where the plaintiff's choice of forum receives less weight. *Id.* In the Ninth Circuit, "the weight to be given the plaintiff's choice of forum is discounted where the action is a class action." *Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987) ("[W]hen an individual brings a derivative suit or represents a class, the named plaintiff's choice of forum is given less weight."). Deference to the plaintiff's choice of venue is further diminished if the moving party establishes one or more of the following factors: (1) the operative facts have not occurred within the forum; (2) the forum has no particular interest in the parties or subject matter; (3) the forum is not the primary residence of either the plaintiff or defendant; or (4) the subject matter of the litigation is not substantially connected to the forum. *Pfeiffer v. Himax Techs., Inc.*, 530 F. Supp. 2d 1121, 1124 (C.D. Cal. 2008). Here, weight accorded to Plaintiffs' choice of forum is negligible because (a) the action is a putative class action; (b) the operative facts did not occur in this District; and (c) Plaintiffs Tran and IMG, the only Plaintiffs who oppose the transfer, have not sought appointment as Lead Plaintiff in what will likely be a consolidated action of these four cases. As noted above, Plaintiffs Matthews and Bhat do not oppose a transfer to SDNY. And, although it is undisputed that Plaintiff Tran invested in the Fund through actions taken in this District, these acts are not unique to this District

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV-16-602-MWF (SSx), CV-16-736- MWF (SSx),  **Date:** April 12, 2016
CV-16-770-MWF (SSx), CV-16-904-MWF (SSx)

Title:     Loi Tran -v- Third Avenue Management LLC et al.; Inter-Marketing Group USA, Inc. -v- Third Avenue Trust et al.; Scott Matthews -v- Third Avenue Management LLC et al.; Suprabha Bhat -v- Third Avenue Management LLC et al.

given the nationwide nature of the putative class of investors who purchased shares of the Fund.

***First-Filed Action in SDNY***:  A federal district court has discretion to dismiss, stay, or transfer a case to another district court under the first-to-file rule.  *Pacesetter Sys., Inc. v. Medtronic, Inc*., 678 F.2d 93, 94–95 (9th Cir. 1982).  The rule is primarily meant to alleviate the burden placed on the federal judiciary by duplicative litigation and to prevent the possibility of conflicting judgments.  *Cf. Kohn Law Grp., Inc. v. Auto Parts Mfg. Mississippi, Inc.*, 787 F.3d 1237, 1240 (9th Cir. 2015) ("When applying the first-to-file rule, courts should be driven to maximize 'economy, consistency, and comity.'").

Plaintiffs argue that the first-to-file rule does not apply to the SDNY Action because the SDNY Action was not removed to the district court until after Plaintiff Tran initiated his action in this District.  This distinction is not legally significant.  *See Hartford Acc. & Indem. Co. v. Margolis*, 956 F.2d 1166, at *1 (9th Cir. 1992) ("Hartford's suggestion that the 'first to file' rule should not be applied to the time of filing of the state court action later removed to federal court is not compelling.  When an action is commenced in state court and removed to federal court, the action remains the same. It is simply pending in a different court after removal than before."); *Motiv Power Sys., Inc. v. Livernois Vehicle Dev., LLC*, No. 13-CV-4811 YGR, 2014 WL 94370, at *2 (N.D. Cal. Jan. 9, 2014) ("While the California Complaint was removed to federal court before the Michigan Complaint was removed, the date of removal is immaterial to the first-to-file analysis.").

Plaintiffs also argue that the parties and issues between the related cases in this District are not identical to the parties and issues involved in the SDNY Action.  As to the overlap in parties, all of the Defendants named in the Amended Complaint of the SDNY Action are named in the *Tran*, *Matthews*, and *Bhat* Complaints, with the exception of Patrick Reinkemeyer, who is named as an individual Defendant in the

JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV-16-602-MWF (SSx), CV-16-736- MWF (SSx),   **Date:** April 12, 2016
           CV-16-770-MWF (SSx), CV-16-904-MWF (SSx)

**Title:** Loi Tran *-v-* Third Avenue Management LLC et al.; Inter-Marketing Group USA, Inc. *-v-* Third Avenue Trust et al.; Scott Matthews *-v-* Third Avenue Management LLC et al.; Suprabha Bhat *-v-* Third Avenue Management LLC et al.

*IMG* Complaint. Although some of the Defendants named in the four related cases pending in this District are not named in the SDNY Action, there is substantial similarity between the parties involved that the lack of complete identity between the two sets of cases does not defeat the first-to-file rule. *Herer v. Ah Ha Pub., LLC*, 927 F. Supp. 2d 1080, 1089 (D. Or. 2013) ("[I]f parties were required to be identical, then the rule and its benefits could be easily avoided simply by adding a party or a claim to the later-filed action.").

      Furthermore, the issues between the two sets of cases are substantially similar— the core allegations involve Defendants' representations and obligations to hold no more than 15% of its assets in illiquid securities. *Kohn Law Grp.*, 787 F.3d at 1240–41 ("The issues in both cases also need not be identical, only substantially similar. To determine whether two suits involve substantially similar issues, we look at whether there is "substantial overlap" between the two suits." (citations omitted)). By analogy, other courts have granted motions to stay, concluding that, "[a]lthough the class and derivative actions are based on different legal claims, the underlying issues are similar." *See, e.g.*, *In re Groupon Derivative Litig.*, 882 F. Supp. 2d 1043, 1051 (N.D. Ill. 2012) (staying derivative action pending resolution of related securities class action). "Plaintiff [in the derivative action] must prove that certain alleged misstatements constitute a breach of the individual defendants' fiduciary duties, whereas the class action plaintiffs [in the securities class action] must prove that these same statements constitute securities fraud." *Id.* The Amended Complaint in the SDNY Action alleges that Defendants breached their fiduciary duties in part because of misrepresentations made regarding the percentage of illiquid assets maintained in the Fund. (SDNY Docket, Amended Complaint ¶¶ 50–57 ("From the start, and until its sudden demise, the Fund has represented to investors that shares can be redeemed, and that it will limit its investments in illiquid assets to 15%, that it would monitor liquidity, and that it holds liquid asserts.")). "[T]hese alternate theories are merely two sides of the same coin." *Id.* The related putative securities class action cases in this

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV-16-602-MWF (SSx), CV-16-736- MWF (SSx),   **Date:** April 12, 2016
CV-16-770-MWF (SSx), CV-16-904-MWF (SSx)

**Title:** Loi Tran -v- Third Avenue Management LLC et al.; Inter-Marketing Group USA, Inc. -v- Third Avenue Trust et al.; Scott Matthews -v- Third Avenue Management LLC et al.; Suprabha Bhat -v- Third Avenue Management LLC et al.

District and the derivative SDNY Action "substantially overlap given that they arise from the same alleged facts and involve several of the same parties." *In re STEC, Inc. Derivative Litig.*, No. CV 10-00667-JVS MLGX, 2012 WL 8978155, at *6 (C.D. Cal. Jan. 11, 2012). "[T]he differences in the claims arise from the nature of the actions—class and derivative—not differences in relevant fact." *Id.*

The Court does not treat the existence of the first-filed SDNY Action as dispositive but rather weighs its existence in conjunction with the other "interests of justice" considerations enumerated above. Here, a transfer to SDNY would serve the purpose of the first-to-file rule in promoting judicial efficiency and avoiding the possibility of conflicting judgments. Due to the overlapping factual allegations, a significant portion of discovery would otherwise be duplicative. At the hearing, counsel for Plaintiff IMG argued that these concerns will not be alleviated because the derivative action and putative securities class actions will not be consolidated in SDNY. The district court in SDNY may nevertheless take certain actions, such as transferring these cases to the same district judge, to address these concerns.

*Ease of Access to Sources of Proof, the Respective Parties' Contacts with the Forum, and the Contacts Relating to Plaintiffs' Cause of Action in the Chosen Forum*: For the reasons discussed above regarding the convenience of the parties and witnesses, these factors favor transfer to SDNY, where the overwhelming majority of Defendants reside and when the Plaintiffs' only connection to this District is that Plaintiff Tran, who has not sought appointment as Lead Plaintiff, resides in Los Angeles.

*Familiarity with the Governing Law*: This factor is neutral because the courts of this District as well as SDNY are versed in and capable of applying securities law.

*Cost of Litigation*: Plaintiffs argue that "because Defendants are part of a large financial services firm, they are better able to bear the expense of litigating in a distant

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV-16-602-MWF (SSx), CV-16-736- MWF (SSx), **Date:** April 12, 2016
CV-16-770-MWF (SSx), CV-16-904-MWF (SSx)

**Title:** Loi Tran -v- Third Avenue Management LLC et al.; Inter-Marketing Group USA, Inc. -v- Third Avenue Trust et al.; Scott Matthews -v- Third Avenue Management LLC et al.; Suprabha Bhat -v- Third Avenue Management LLC et al.

forum than Plaintiff is." (*Tran* Opposition at 8). Although the Court may consider the relative financial resources of the parties to absorb the costs of litigation in its transfer analysis, the Court declines to do so when the only Plaintiffs opposing the transfer to SDNY will have a predictably limited role in the litigation when neither has sought appointment as Lead Plaintiff. Therefore, this factor is neutral.

The Court is not persuaded by IMG's arguments regarding the permissive forum selection clause, which applies only to indemnification issues between the Trust and its agents and officers. (*IMG* Reply at 9).

Because the convenience of the parties and witnesses, as well as the interests of justice, weigh overwhelmingly in favor of transfer, the Motion is **GRANTED**.

### III. CONCLUSION

Pursuant to § 1404(a), the Motion is **GRANTED**. (*Tran* Docket Nos. 11, 26; *IMG* Docket Nos. 21, 25, 46; *Matthews* Docket Nos. 22, 34; *Bhat* Docket Nos. 13, 29). The Clerk is **ORDERED** to transfer the above-captioned cases to the Southern District of New York.

The Court declines to rule on the pending Motions to Consolidate and competing Motions for Appointment of Lead Plaintiff and Lead Counsel in *Tran*, which are more appropriately reserved for the transferee District Judge who will preside over the merits of the putative securities class actions. (*Tran* Docket Nos. 29–30, 34, 37, 41). The hearing set for May 2, 2016, is **VACATED** until further notice by the transferee District Judge.

IT IS SO ORDERED.